**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 12-4210**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JERMAL LEE, a/k/a Jermal Ari Lee,

Defendant - Appellant.

———————————

**No. 12-4237**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KEVIN GOLDSMITH, a/k/a Kevin Lamont Goldsmith,

Defendant - Appellant.

———————————

Appeals from the United States District Court for the District of South Carolina, at Greenville. J. Michelle Childs, District Judge. (6:11-cr-00338-JMC-5; 6:11-cr-00338-JMC-9)

———————————

Submitted: December 18, 2012          Decided: February 7, 2013

———————————

Before WYNN, DIAZ, and THACKER, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Jill E.M. HaLevi, MEDIATION & LEGAL SERVICES, LLC, Charleston, South Carolina; T. Kirk Truslow, TRUSLOW LAW FIRM, LLC, North Myrtle Beach, South Carolina, for Appellants. Andrew Burke Moorman, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, Jermal Lee and Kevin Goldsmith appeal their convictions and respective 180-month and 204-month sentences following guilty pleas to conspiracy to possess with intent to distribute five kilograms or more of cocaine, 280 grams or more of cocaine base, and 1000 kilograms of marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) (2006). Appellate counsel filed a joint brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious issues for appeal, but questioning whether the district court fully complied with Fed. R. Crim. P. 11 in accepting the appellants' guilty pleas and whether the appellants' sentences are reasonable.

In Lee's pro se supplemental brief, he argues that: (1) his appellate waiver is void and should not be enforced; (2) his guilty plea is void because the trial court failed to inform him of the mandatory minimum sentence during the plea colloquy and failed to elicit an oral plea of guilty from him; (3) his sentence was erroneously enhanced pursuant to 21 U.S.C. § 851 and the career offender enhancement provision; and (4) his trial counsel provided ineffective assistance by allowing him to plead guilty when he was actually innocent. In Goldsmith's pro se supplemental brief, he asserts that: (1) his trial counsel was constitutionally ineffective for failing to inform him that

3

he qualified as a career offender, failing to perform an adequate investigation into the facts of the case, and failing to adequately research the sentencing options; (2) he was erroneously sentenced as a career offender; and (3) his sentence was erroneously enhanced pursuant to 21 U.S.C. § 851. The Government declined to file a responsive brief. Following a careful review of the record, we affirm.

We first address the plea colloquies. Federal Rule of Criminal Procedure 11 requires a trial court, prior to accepting a guilty plea, to conduct a plea colloquy in which it informs the defendant of, and determines that the defendant comprehends, the nature of the charges to which he is pleading guilty, any mandatory minimum penalty, the maximum possible penalty he faces, and the rights he is relinquishing by pleading guilty. United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991). Additionally, the district court must ensure that the defendant's plea was voluntary and did not result from force, threats, or promises not contained in the plea agreement. Fed. R. Crim. P. 11(b)(2). "In reviewing the adequacy of compliance with Rule 11, this [c]ourt should accord deference to the trial court's decision as to how best to conduct the mandated colloquy with the defendant." DeFusco, 949 F.2d at 116.

Because Lee and Goldsmith did not move to withdraw their guilty pleas in the district court or raise any objections

to the Rule 11 colloquies, the colloquies are reviewed for plain error. United States v. Martinez, 277 F.3d 517, 524-27 (4th Cir. 2002). To demonstrate plain error, a defendant must show that: (1) there was an error; (2) the error was plain; and (3) the error affected his "substantial rights." United States v. Olano, 507 U.S. 725, 732 (1993). To establish that a Rule 11 error has affected a defendant's substantial rights, the defendant must "show a reasonable probability that, but for the error, he would not have entered the plea." United States v. Dominguez Benitez, 542 U.S. 74, 83 (2004).

Our review of the plea colloquy transcripts reveals that the district court failed to inform both appellants that they faced a mandatory minimum sentence of life imprisonment, as required by Fed. R. Crim. P. 11(b)(1), which constitutes plain error. United States v. General, 278 F.3d 389, 394 (4th Cir. 2002). However, we conclude that the error does not affect the appellants' substantial rights, as the record reveals that both appellants were aware that they faced a mandatory minimum term of life imprisonment prior to pleading guilty. The appellants stipulated in their respective plea agreements that they each had two prior felony drug convictions, subjecting them to a mandatory minimum term of life imprisonment pursuant to 21 U.S.C. § 851. In addition, the Government reiterated this information during the Rule 11 colloquies when reviewing the

plea agreements. While Lee argues on appeal that the district court's failure to inform him of the mandatory minimum sentence renders his guilty plea invalid, he does not assert that, but for this error, he would not have pled guilty. Moreover, the record does not reflect that any lack of understanding of the mandatory minimum affected Lee's or Goldsmith's decision to enter a guilty plea. Notwithstanding the failure to inform the appellants of the applicable mandatory minimum sentence, the court otherwise complied with Rule 11 at both hearings. Although the court did not specifically elicit an oral plea from the appellants, this is not required by Rule 11, and the appellants confirmed their desire to plead guilty by signing a written plea during the Rule 11 hearing. The court ensured that Lee's and Goldsmith's guilty pleas were knowing and voluntary, that they understood the rights they were giving up by pleading guilty, and that they committed the offense to which they pled guilty.

We next address the reasonableness of the sentences. We review a sentence for procedural and substantive reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). In determining the procedural reasonableness of a sentence, this court considers whether the district court properly calculated the Guidelines range, treated the Guidelines as advisory, considered

the § 3553 factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Id. at 51. "Regardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the record an individualized assessment based on the particular facts of the case before it." United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks omitted).

We assess the substantive reasonableness of the sentence by "taking into account the totality of the circumstances, including the extent of any variance from the Guidelines range." United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007) (internal quotation marks and citation omitted). We presume that a below-Guidelines sentence is reasonable. United States v. Susi, 674 F.3d 278, 289 (4th Cir. 2012). That this court would have imposed a different sentence is not reason alone to vacate the district court's sentence. United States v. Morace, 594 F.3d 340, 346 (4th Cir. 2010).

We conclude that the district court committed neither procedural nor substantive error in sentencing. The court accurately stated the statutory mandatory sentence of life imprisonment that applied to Lee and Goldsmith before consideration of the Government's motion for a downward departure, verified that the appellants had reviewed and discussed the presentence report with their attorneys, and

7

entertained arguments from both appellants for a particular sentence. In addition, the appellants' sentences were properly enhanced pursuant to 21 U.S.C. § 851, contrary to their arguments on appeal, as they each had at least two prior qualifying felony drug convictions. Lee was likewise properly classified as a career offender. Although Goldsmith asserts that he was erroneously designated a career offender, our review of the record indicates that he was not, in fact, classified or sentenced as a career offender. Accordingly, his argument is without merit.

In their pro se briefs, Lee and Goldsmith both assert that their trial counsel rendered ineffective assistance. Claims of ineffective assistance of counsel are generally not cognizable on direct appeal, unless the record conclusively establishes counsel's "objectively unreasonable performance" and resulting prejudice. United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008). The record does not conclusively establish that trial counsel rendered ineffective assistance to either appellant. Lee and Goldsmith must therefore bring their allegations of ineffective assistance of counsel in a 28 U.S.C.A. § 2255 (West Supp. 2012) motion, should they wish to pursue such claims. United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010).

8

In accordance with <u>Anders</u>, we have reviewed the entire record for meritorious issues and have found none. We therefore affirm the district court's judgment. This court requires that counsel inform Lee and Goldsmith, in writing, of their right to petition the Supreme Court of the United States for further review. If Lee or Goldsmith requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Lee and Goldsmith. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>